IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROY MITCHELL,

                      ORDER

            Plaintiff,

v.

                      11-cv-260-wmc

SHERIFF SERGEANT PAT PRICE, *et al.*,

            Defendants.

---

      Plaintiff Roy Mitchell is a transgender inmate who is currently in custody at the Dodge Correctional Institution. Ms. Mitchell filed this civil action under 42 U.S.C. § 1983, concerning the conditions of her confinement at the Dane County Jail. The only claim that remains for trial is Mitchell's allegation that Sergeant Carl Koehler violated her right to equal protection by transferring her back to a particular pod at the Jail. At plaintiff's request, the court has recruited counsel Brittany Ogden and Rachel Graham of Quarles & Brady LLP to represent her *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter their appearance as plaintiff's *pro bono* counsel for the record.

      The next step is for the court to hold a scheduling conference. Plaintiff's counsel should contact the Wisconsin Department of Corrections for purposes of consulting with plaintiff in the preparation of her case whether by phone and/or in person. So that counsel will have sufficient time to consult with plaintiff in advance of a scheduling

conference, the clerk's office will be directed to set that conference in March 2015, as the court's schedule allows.

Finally, plaintiff should appreciate that her counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that she is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through her attorneys of record. Plaintiff must also work directly and cooperatively with her attorneys, as well as those working at their direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive she makes. On the contrary, plaintiff should expect her attorneys to tell her what she *needs* to hear, rather than what she might prefer to have heard, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting them from doing so. Accordingly, plaintiff must be prepared to accept the strategic decisions made by her lawyers even if she disagrees with some of them.

If plaintiff decides at some point that she does not wish to work with her lawyers, she is free to alert the court and end their representation, but she should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent her.

ORDER

IT IS ORDERED that the clerk's office enter Brittany Ogden and Rachel Graham of Quarles & Brady LLP as plaintiff's *pro bono* counsel of record and to set this case for a pretrial conference in March 2015, as the court's schedule allows.

Entered this 27th day of January, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge